UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ANDREW S. WHITE,           )
                           )
         Plaintiff,        )
   vs.                     )      No. 1:10-cv-403-WTL-DML
                           )
BARBARA J. ROEMKE,         )
KENNETH R. GRAFE,          )
                           )
         Defendants.       )

**Entry and Order Directing Dismissal of Action**

This action is dismissed pursuant to 28 U.S.C. § 1915A(b). This disposition is compelled by the following facts and circumstances:

1. Plaintiff White is a federal prisoner who offered information *qua* informant to the probation office of this court. The probation office rejected his offer. White alleges that the probation officer who notified White of the rejection then also somehow notified the person implicated by White's information of White's offer and that because of this, the person's associates assaulted White in January 2009.

2. White seeks injunctive relief and damages.

3. Because White is a prisoner, his complaint must be screened pursuant to § 1915A(b). To survive screening at this level, a complaint must at least state a claim upon which relief can be granted. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

4. The defendant probation officers are sued in both their individual and official capacities. Insofar as sued in the official capacities, White's claim is barred by the United States' sovereign immunity. *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir. 1985). Insofar as sued defendants are sued in their individual capacities, White's claim rests on the asserted violation of a criminal statute, 18 U.S.C. § 1119, which does not create a private cause of action. In each sense therefore, the complaint "fails to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007).

5. The dismissal of the action is therefore mandatory. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006) (28 U.S.C. § 1915A(b) directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ."); *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/14/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana